IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No. 7:19cv645 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| AIMEE E. REESE,<br>4459 North Fork Rd..,<br>Elliston, Virginia 24087; | )<br>)<br>)<br>) |
| RANDALL J. REESE,<br>4459 North Fork Rd.,<br>Elliston, Virginia 24087; | )<br>)<br>)<br>) |
| VIRGINIA DEPARTMENT OF TAXATION,<br>1957 Westmoreland Street,<br>Richmond, VA 23230; and | )<br>)<br>)<br>) |
| MEDKEY INCORPORATED,<br>1502 Williamson Rd. NE, #350,<br>Roanoke, VA 24011; | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## **COMPLAINT**

The plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, has commenced this civil action to collect the trust fund recovery penalty assessments made against defendant Aimee E. Reese; to enforce the tax liens of the United States against a real property, which is commonly described as 2890 Lindsey Drive, Elliston, Virginia (the "Subject Real Property"); and to obtain a judicial sale of the Subject Real Property with the proceeds from such sale being distributed according to the relative priorities of the parties' claims.

## JURISDICTION & VENUE

1.  Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

## PARTIES

3.  The plaintiff is the United States of America.

4.  Aimee E. Reese is a defendant who resides in Montgomery County, Virginia, which is within this judicial district.

5.  Randall J. Reese is joined as a defendant because he has or may claim an interest in the Subject Real Property.

6.  The Virginia Department of Taxation is joined as a defendant because it has or may claim an interest in the Subject Real Property.

7.  Medkey Incorporated is joined as a defendant because it has or may claim an interest in the Subject Real Property.

## COUNT I - REDUCE TRUST FUND RECOVERY PENALTIES ASSESSED AGAINST DEFENDANT AIMEE E. REESE TO JUDGMENT

8.  Aimee E. Reese was the bookkeeper and office manager of Superior Construction Inc. ("Superior") during at least from the second quarter of 2001 until the fourth quarter of 2003 (the "relevant period"). During the relevant period, Ms. Reese was a person who was responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue

Service the federal income, Medicare and social security taxes (employment taxes) withheld from the wages of the employees of Superior.

9. Ms. Reese was aware that Superior owed the United States employment taxes during the relevant period because she signed the federal employment (Form 941) tax returns for Superior that showed the company owed the United States employment taxes withheld from the wages of employees and did not pay the taxes owed at the time the returns were filed.

10. Ms. Reese had the authority to pay the employment taxes owed to the United States because she had signature authority over the bank accounts of Superior.

11. Ms. Reese willfully caused Superior not to pay its employment tax liability. Ms. Reese had financial authority over Superior and determined which creditors the company would pay. Ms. Reese signed checks during and after the relevant period paying other creditors and not the United States.

12. A delegate of the Secretary of the Treasury of the United States assessed against Ms. Reese pursuant to 26 U.S.C. § 6672 the trust fund recovery penalties for the taxable periods described below on June 26, 2008. The assessments represent the federal income, Medicare and social security taxes that were withheld from the wages of the employees of Superior for the taxable periods described below but not paid over to the United States.

| Tax Period Ending | Assessment Date | Amount of Assessments | Unpaid Balance as of Sept. 2, 2019 |
|---|---|---|---|
| 6/30/2001 | 6/26/2008 | $17,889.50 | $27,238.87 |
| 9/30/2001 | 6/26/2008 | $15,712.61 | $24,138.14 |
| 12/31/2001 | 6/26/2008 | $16,505.67 | $24,627.14 |
| 3/31/2002 | 6/26/2008 | $16,049.61 | $24,655.90 |

| Tax Period Ending | Assessment Date | Amount of Assessments | Unpaid Balance as of Sept. 2, 2019 |
|---|---|---|---|
| 6/30/2002 | 6/26/2008 | $16,860.06 | $25,900.87 |
| 9/30/2002 | 6/26/2008 | $19,451.00 | $29,881.18 |
| 12/31/2002 | 6/26/2008 | $14,997.55 | $23,039.65 |
| 3/31/2003 | 6/26/2008 | $13,761.73 | $21,141.16 |
| 6/30/2003 | 6/26/2008 | $17,604.18 | $27,044.07 |
| 9/30/2003 | 6/26/2008 | $16,901.30 | $25,964.26 |
| 12/31/2003 | 6/26/2008 | $13,225.60 | $20,317.53 |
| | | **TOTAL** | **$273,948.77** |

13. Notices that Aimee E. Reese would be subject to assessment of the trust fund tax penalties were sent in accordance with 26 U.S.C. § 6672(b) prior to any demand for payment.

14. Notices and demands for payment of the assessments for the trust fund recovery penalties described in paragraph 12 were made on Aimee E. Reese.

15. Aimee E. Reese has failed to pay the United States the full amount owed as a result of the tax assessments described in paragraph 12.

16. By reason of the tax assessments described in paragraph 12, Aimee E. Reese is indebted to the United States for trust fund recovery penalties and statutory additions to the penalties in the total amount of $273,948.77 as of September 2, 2019, plus statutory additions and interest that will continue to accrue after that date according to law.

## COUNT II - FORECLOSURE OF THE FEDERAL TAX LIENS

17. The United States incorporates by reference the allegations set forth in paragraphs 1 through 16, above.

18. By reason of the assessments made against defendant Aimee Reese for unpaid trust fund recovery penalties described in paragraph 12, Federal tax liens arose on the date of

the assessments and, pursuant to 26 U.S.C. §§ 6321 and 6323, attached to all property and rights to property owned or thereafter acquired by defendant Aimee Reese.

19. The Internal Revenue Service filed notices of federal tax liens against Aimee Reese with the Montgomery County Circuit Court reflecting the assessments in paragraph 12 August 27, 2008 and refiled the liens on December 4, 2017.

20. Defendant Aimee Reese acquired the real property located at 2890 Lindsey Drive, Elliston, Virginia with her husband, Randall Jackson Reese, from the Reese Family Limited Partnership on December 14, 2010 as evidenced by a deed, which is attached hereto as Exhibit A. The Subject Real Property is more particularly described as on page 1 of Exhibit A.

21. The United States has valid and subsisting tax liens that encumber defendant Aimee Reese's interest in the Subject Real Property. These Federal tax liens should be ordered to be foreclosed, the Subject Real Property sold, with the proceeds of such sale be distributed to the United States as payment toward the federal tax liens and the other parties according to the law.

**WHEREFORE**, the United States of America respectfully prays for judgment in its fair and equitable determination as follows:

(a) That the Court render judgment in favor of the United States against Aimee E. Reese in the amount of $273,948.77 as of September 2, 2019 together with statutory additions and interest accruing after that date according to law;

(b) That the Court adjudge and decree that the United States has valid and subsisting tax liens that attach to and encumber defendant Aimee E. Reese's interest in the Subject Real Property as described in paragraph 20; and that the Subject Real Property be sold according to law, free and clear of any right, title, lien, claim or interest of any of the parties herein;

(c) That the Court adjudge, determine, and decree that the proceeds of the sale of the Subject Real Property be distributed in a manner consistent with the relative priorities of the parties' claims according to the law; and

(d) That the Court grants the United States such other and further relief as it deems just and proper.

Dated: September 24, 2019

THOMAS T. CULLEN
UNITED STATES ATTORNEY

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ *Kunal J. Choksi*
KUNAL J. CHOKSI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
(P) 202-305-3136
Kunal.j.choksi@usdoj.gov
*Counsel for the United States of America*

THIS DEED WAS PREPARED WITHOUT THE BENEFIT OF TITLE EXAMINATION

**THIS DEED OF GIFT** is made and entered into on this 14th day of December, 2010, by and between the **REESE FAMILY LIMITED PARTNERSHIP**, Grantor, and **RANDALL JACKSON REESE,** and **AIMEE REESE**, husband and wife, as tenants by the entirety with the right of survivorship, Grantees;

WITNESSETH:

**THAT FOR** the sum of One Dollar ($1.00), cash paid in hand by the Grantees to the Grantor, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Grantor does hereby GRANT, ASSIGN, TRANSFER, and CONVEY unto the Grantees, Randall Jackson Reese, and Aimee Reese, husband and wife, as tenants by the entirety with the right of survivorship, in fee simple, with **GENERAL WARRANTY** and **MODERN ENGLISH COVENANTS OF TITLE**, all that certain tract or parcel of real estate, together with the improvements thereon and appurtenances thereunto belonging, situate, lying and being in the Mount Tabor Magisterial District of Montgomery County, Virginia, and more particularly designated and described as follows:

> Being all of **Lot 45, containing 1.978 Acres, The Ridges Subdivision Phase 6,** located in Montgomery County, Virginia, and further being more particularly described and shown on a plat of survey entitled "MAJOR SUBDIVISION SURVEY OF: THE RIDGES PHASE 6 SURVEY FOR REESE FAMILY LIMITED PARTNERSHIP, MT. TABOR MAGISTERIAL DISTRICT, MONTGOMERY COUNTY, VIRGINIA," prepared by John D. Abbott Engineering and Surveying, Inc., dated February 3, 2006, designated as Job No. 06014C, which plat is of record in the Clerk's Office of the Circuit Court of Montgomery County, Virginia, in Plat Book 27, at Page 79.
>
> *Tax Map No.: 045-9-45*     *Parcel ID No.: 140178*
>
> Subject to that certain Declaration of Subdivision Covenants, Conditions, and Restrictions dated the 8th day of March, 2007, recorded in the aforementioned Clerk's Office at Instrument Number 2007002661.

FRANK, SPICER & COX, P.C.
504 SOUTH MAIN STREET
BLACKSBURG, VA 24060

(540) 552-0007

Further subject to a Deed of Easement dated the 20th day of December, 2007, recorded in the aforementioned Clerk's Office at Instrument Number 2008001854.

BEING a part of the same property conveyed unto the Reese Family Limited Partnership, by deed dated the 21st day of July, 2003 from Lynn J. Reese and Mary D. Reese, husband and wife, which deed is of record in the Circuit Court Clerk's Office of Montgomery County, Virginia, at Instrument Number 200313183.

This conveyance is made further subject to all restrictions, reservations, conditions, rights-of-way and easements, if any, contained in the instruments constituting the chain of title to the property herein conveyed or any part thereof, and to matters visible upon inspection.

Exemption from state and local recordation taxes as claimed under the provisions of §58.1-811(D), of the *Code of Virginia*, 1950, as amended, as this is a deed of gift.

**WITNESS** the following signatures and seals:

**REESE FAMILY LIMITED PARTNERSHIP**

By: _____/s/ Lynn Reese_____ (SEAL)
     Lynn Reese, General Partner

*COMMONWEALTH OF VIRGINIA*
*COUNTY OF MONTGOMERY to wit:*

The foregoing instrument was acknowledged before me this 12th day of JANUARY, 2011, by Lynn Reese, General Partner of the Reese Family Limited Partnership.

_____/s/ Daniel Robert Schroeder_____
Notary Public

My Commission Expires: 5/31/2014
My Registration #: 7336279

Frank, Spicer & Cox, P.C.
504 South Main Street
Blacksburg, VA 24060
(540) 552-0007

**REESE FAMILY LIMITED PARTNERSHIP**

By: _Mary Reese_ (SEAL)
Mary Reese, General Partner

COMMONWEALTH OF VIRGINIA
COUNTY OF MONTGOMERY to wit:

The foregoing instrument was acknowledged before me this 12th day of JANUARY, 2011, by Mary Reese, General Partner of the Reese Family Limited Partnership.

_Daniel Robert Schroeder_
Notary Public

My Commission Expires: 5/31/2014
My Registration #: 7336279

[Notary Seal: DANIEL ROBERT SCHROEDER, NOTARY PUBLIC, REG. #7336279, MY COMMISSION EXPIRES 5/31/2014, COMMONWEALTH OF VIRGINIA]

INSTRUMENT #11000908
RECORDED IN THE CLERK'S OFFICE OF
MONTGOMERY COUNTY ON
FEBRUARY 4, 2011 AT 02:37PM

ERICA W. WILLIAMS, CLERK
RECORDED BY: CXW

FRANK, SPICER &
COX, P.C.
504 SOUTH MAIN STREET
BLACKSBURG, VA 24060

(540) 552-0007

A Copy – Teste:
ERICA W. CONNER
Circuit Court Montgomery County, Virginia
By: _____, Deputy Clerk

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Aimee E. Reese, Randall J. Reese, Virginia Department of Taxation, Medkey Incorporate

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kunal J. Choksi, Department of Justice, Tax Division, P.O. Box 227, Washington, DC 20044; (202) 307-3136

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 460 Deportation |
| | | | **LABOR** / **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 720 Labor/Management Relations / ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | | | ☐ 462 Naturalization Application | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration Actions | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7401, 7403

Brief description of cause:
Suit to reduce federal income tax assessments to judgment and foreclose on tax lien

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 273,948.77

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE:
DOCKET NUMBER:

DATE: 09/24/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kunal J. Choksi

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Case 7:19-cv-00645-EKD Document 1-2 Filed 09/24/19 Page 1 of 1 Pageid#: 11

Dillon